[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Plaintiff Margaret J. LaRoche appeals the decision of the CT Page 3094 Department of Income Maintenance (Department) imposing a lien on the proceeds of the plaintiff's cause of action against American Employers Insurance Company. The Department's decision was based on General Statutes 17-83e and 17-83f. The plaintiff appeals pursuant to 17-2b and 4-183. The insurance company is not a party to the appeal. The court finds the issues in favor of the defendant Department.
Certain essential facts are undisputed. The plaintiff received state assistance for herself and her children from November 1, 1974 to September 1, 1984. These payments were paid under the AFDC program and were paid for herself and four children. Two of these children were the issue of Mark Andrews and the plaintiff. The marriage to Mr. Andrews was terminated on September 2, 1976 and at that time Mr. Andrews was ordered by the court to pay the sum of $30.00 per week support for those two children. The payments were to be made to the Commissioner of Finance and Control for the benefit of the State of Connecticut. Mr. Andrews has been consistently delinquent in making the required payments, and he owes the state a considerable, but undetermined sum.
In November 1986, after the plaintiff had ceased to be a recipient of welfare assistance, she was involved in an automobile collision which resulted in her bringing an action against the insurance company seeking underinsured motorist benefits. The Department claimed and asserted a lien on any proceeds of that action, pursuant to General Statutes 17-83e and 17-83f. At the plaintiff's request, the Department held a fair hearing at which the plaintiff appeared, represented by counsel. The Department's final decision, following the hearing, affirmed the lien and held that the amount of the state's claim is $25,892.48.
At the hearing on this appeal, the parties agreed that the plaintiff's attorney will collect from the settlement of the third party action the sum of $25,892.48 and hold it in escrow pending the outcome of this appeal. The total amount is subject to adjustment for subsequent payments received from the children's father and to further adjustment as may be warranted after verifying the total payments actually made by the CT Page 3095 Department to the plaintiff. Any such adjustments shall only be made by mutual agreement of the plaintiff and the Department.
The plaintiff's sole claim in this appeal is that the Department erroneously refused to reduce the amount of its lien by the amount owed by the children's father under the 1976 support order. She concedes that there is no statutory or case law authority for this claim. She argues, however, that the state has an equitable obligation to reduce its lien because it has now and has always had the right to collect from the children's father. If the state now collects from the plaintiff, she argues, the claim against the father will be extinguished and she will have borne the entire burden.
General Statutes 17-83e and 17-83f provide, in relevant part, as follows:
 Sec. 17-83e. (a) . . . the parents of an aid to to dependent children beneficiary shall be liable to repay, subject to the provisions of section 17-83f, to the state the full amount of any such aid paid to or in behalf of either parent. . . . The state of Connecticut shall have a lien against property of any kind or interest in any property, estate or claim of any kind of the parents of an aid to dependent children beneficiary, in addition and not in substitution of its claim, for amounts owing under any order for support of any court or any family support magistrate, including any arrearage under such order. . . . (Emphasis added).
 Sec. 17-83f. (a) In the case of causes of action . . . of a parent of a beneficiary of the aid to families with dependent children program, the claim of the state shall be a lien against the proceeds therefrom in the amount of the assistance paid or fifty percent of the proceeds received by . . . such parent . . ., whichever is less. . . .
As the statutes set forth above make clear, both parents are individually liable for the full amount of AFDC payments made to either of them. The state has a lien against the property, including causes of action, of either parent for the full amount of the benefits paid. Such a lien is in addition to any claim that the state may have against a parent under a court order of support. The plaintiff in this case is asking the court to override the plain meaning of the statutes and reduce the amount that they clearly permit the state to recover. The CT Page 3096 court has no power to take such action. See General Statutes4-183 (j), which provides that the court must affirm the agency's decision unless that decision violates the law. There is no such violation in this case.
For the reasons set forth above, the appeal is dismissed.
MALONEY, JUDGE